COWDRY & CO. v. WALKER & Tr.

In foreign attachment a trustee is chargeable for a promissory note given after the service of the writ upon him, to the principal defendant, in advance for board, for the purpose of defeating the trustee process.

FOREIGN ATTACHMENT. The trustee boarded with the defendant at the agreed price of $5 a week. About the first of each month he gave his promissory note to the defendant for the price of a month's board in advance, at the expiration of the month sometimes paying and taking up the note, and sometimes paying the money for a month's board in advance, and allowing the note to remain. This arrangement was made for the purpose of defeating the trustee process. One of the trustee's notes was outstanding at the time of giving his disclosure.

*Wheeler,* for the plaintiffs.

*Dodge,* for the trustee.

CLARK, J. It appears that the trustee was not indebted to the principal defendant at the time of the service of the plaintiffs' writ. But under our statute, except in certain specified cases, a trustee is chargeable not only for funds in his hands when summoned, but also for whatever may come into his hands or become due from him to the defendant between the time of the service of the writ and the disclosure. G. L., c. 249, s. 22. When summoned, the trustee was boarding with the defendant, and continued to board with him up to the time of the disclosure. After the service of the writ, the trustee, at the request of the defendant, about the first of each month paid his board in advance, sometimes in money and sometimes by note; and at the time of the disclosure the trustee had paid all the notes except one.

For the money paid in advance for board the trustee is not chargeable, because at the time of the payment it was neither money of the defendant in his hands, nor was it a debt due from him to the defendant. It is otherwise as to the notes. They were made after the writ was served, and, with one exception, have been paid. It does not appear from the disclosure to whom they were paid, or who is the holder of the note now outstanding, and it is not material. If the note is held by a third party, it was not transferred to him before the service of the writ upon the trustee. G. L., c. 249, s. 17. But whatever may be the rights of the holder of such a note, which we do not decide, the giving and payment of the notes being for the purpose of defeating the trustee process was in fraud of the plaintiffs, and the trustee is chargeable for the

amount of the notes given to the defendant after the service of the writ upon him as trustee.

*Trustee chargeable.*

FOSTER, J., did not sit : the others concurred.